# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEITH J. CANNADY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-11-1450-HE |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Keith J. Cannady filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits and supplemental security income benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Bana Roberts, who recommends that the Commissioner's decision be affirmed.

Plaintiff claims he is disabled due to a lower back injury and problems with his legs. He filed his application for benefits in May, 2010, and, when it was denied initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). Following the hearing the ALJ found that, while plaintiff could not return to his past relevant work as a mechanic, he was not disabled within the meaning of the Social Security Act because he retained the capacity to perform other sedentary and light exertion work available in the national economy. The Appeals Council denied plaintiff's request for review, so the ALJ's decision became the final decision of the Commissioner.

Plaintiff raised two issues on appeal – that the ALJ failed to properly evaluate whether

his lumbar impairments meet or equal Listing 1.04A at step three of the sequential analysis used to evaluate disability claims, and failed to properly consider the combined effect of his exertional and nonexertional impairments at step five.  While the magistrate judge rejected both arguments, plaintiff only contests her determination that the ALJ's error at step three does not require a remand.[1]

Magistrate Judge Roberts determined that, while the ALJ failed to make specific step three findings, the error was harmless in light of his "'confirmed findings at step four and five of his analysis, coupled with indisputable aspects of the medical record.'"  Report and Recommendation, p. 12 (quoting Fischer-Ross v. Barnhart, 431 F.3d 729, 735 (10th Cir. 2005)).  Plaintiff objects to the conclusion that the ALJ's error "falls under the Fischer-Ross harmless analysis."  Objection, p. 4.  He claims the magistrate judge improperly reweighed the medical evidence and substituted her judgment at step three for that of the ALJ.

The magistrate judge determined that findings made by the ALJ in conjunction with his RFC assessment "'conclusively negate[d] the possibility of any finding that [plaintiff] is presumptively disabled under the pertinent listing.'"  Report and Recommendation, p. 12 (quoting Fischer-Ross, 431 F.3d at 735.  She also noted that listing 104.A[2] includes certain

---

[1] *Although he states in his Objection: "For these reasons, and without waiver of prior arguments on appeal," Objection, p. 5, the only issue preserved for appellate review is whether "any deficiency in the ALJ's articulation of his reasoning to support his step three determination is harmless." Fischer-Ross, 431 F.3d at 735.*

[2] *Listing 1.04 pertains to musculoskeletal impairments and requires a claimant to show a disorder of the spine such as "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." 20 CFR Pt. 404, Subpt. P, App.*

criteria, including a positive straight-leg raising test, and that the "undisputed medical evidence of record is that such testing has been negative." *Id.* at 11, citing TR. 206, 211, and 251.

The magistrate judge did not engage in an impermissible post-hoc attempt to salvage the ALJ's decision. Rather, as allowed by Fischer-Ross, she concluded that the "ALJ's findings at other steps of the sequential process ... provide a proper basis for upholding a step three conclusion that [plaintiff's] impairments do not meet or equal any listed impairment." Fischer-Ross, 431 F.3d at 733.

Having conducted a novo review, the court agrees with the magistrate judge's analysis and conclusion. Accordingly, the court adopts Magistrate Judge Roberts' Report and Recommendation. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

*1, Listing 1.04. To satisfy paragraph "A" of the listing, there must be: Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss <u>and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." Id. (emphasis added).*